UNITED STATES DISCTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCIENTIFIC COMPUTING ASSOCIATES, INC., and REVOLUTION COMPUTING, INC.<br><br>Plaintiffs,<br><br>- vs -<br><br>GREGORY R. WARNES, RANDOM TECHNOLOGIES, LLC and THE UNIVERSITY OF ROCHESTER MEDICAL CENTER,<br><br>Defendants. | **ANSWER AND AFFIRMATIVE DEFENESES TO AMENDED COMPLAINT**<br><br>07-CV-6351T(P) |

Defendant, University of Rochester Medical Center ("URMC"), for its answer to plaintiffs' amended complaint and for its affirmative defenses, states as follows:

1. URMC admits that plaintiffs' amended complaint asserts claims for relief under the Lanham Act and the Connecticut Unfair Trade Practices Act ("CUTPA") but denies that plaintiffs are entitled to any of the relief sought in the amended complaint.

2. URMC denies knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the amended complaint.

3. URMC admits the allegations contained in paragraphs 3 and 4 of the amended complaint.

4. URMC denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 5 and 6 of the amended complaint.

5. URMC admits the allegations in paragraph 7 of the amended complaint but denies knowledge or information sufficient to form a belief as to the allegations regarding the ownership or organizational structure of Random Technologies, LLC.

6. URMC denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the amended complaint.

7. URMC denies the allegations in paragraph 9 of the amended complaint but affirmatively states that it is an operating division of the University of Rochester, which is a not-for-profit educational institution incorporated under the Education Law of the State of New York.

8. URMC denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 10 and 11 of the amended complaint.

9. URMC admits the allegations in paragraph 12 of the amended complaint.

10. URMC denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32 and 33 of the amended complaint.

11. URMC admits the allegations in paragraph 34 of the amended complaint.

12. URMC admits that it has purchased software for use by defendant Gregory Warnes in the University of Rochester Medical Center Department of Biostatistics and Computational Biology but denies the remaining allegations in paragraph 35 of the amended complaint.

13. URMC denies the allegations in paragraphs 36, 37, 38 and 39 of the amended complaint.

## COUNT I

14. In response to paragraph 40 of the amended complaint, URMC incorporates by reference its responses to the foregoing paragraphs as though fully set forth therein.

15. URMC denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 41 and 42 of the amended complaint.

16. URMC denies the allegations in paragraphs 43 and 44 of the amended complaint.

## COUNT II

17. In response to paragraph 45 of the amended complaint, URMC incorporates by reference its responses to the foregoing paragraphs as though fully set forth therein.

18. URMC denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 46, 47 and 48 of the amended complaint.

19. URMC denies the allegations in paragraphs 49 and 50 of the amended complaint.

## COUNT III

20. In response to paragraph 51 of the amended complaint, URMC incorporates by reference its responses to the foregoing paragraphs as though fully set forth therein.

21. URMC denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 52, 53, 54, 55, 56, 57 and 58 of the amended complaint.

22. URMC denies the allegations in paragraphs 59 and 60 of the amended complaint.

## COUNT IV

23.  In response to paragraph 61 of the amended complaint, URMC incorporates by reference its responses to the foregoing paragraphs as though fully set forth therein.

24.  URMC denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 62, 63 and 64 of the amended complaint.

25.  URMC denies the allegations in paragraph 65 of the amended complaint.

## COUNT V

26.  In response to paragraph 66 of the amended complaint, URMC incorporates by reference its responses to the foregoing paragraphs as though fully set forth therein.

27.  URMC denies the allegations in paragraphs 67, 68 and 69 of the amended complaint.

## COUNT VI

28.  In response to paragraph 70 of the amended complaint, URMC incorporates by reference its responses to the foregoing paragraphs as though fully set forth therein.

29.  URMC denies the allegations in paragraphs 71, 72, 73 and 74 of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30. The amended complaint fails to state a claim upon which relief can be granted as against URMC.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31. The claims asserted in the amended complaint are barred pursuant to 15 U.S.C. § 1115 (b)(9), under the doctrines of acquiescence, estoppel and/or laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32. URMC's use of the phrase "RPro" in a press release and/or on its website constituted fair use pursuant to 15 U.S.C. § 1115 (b)(4).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33. Upon information and belief, plaintiffs' right to use the "RPro" mark was obtained fraudulently and plaintiffs' claims therefore are barred in whole or in part pursuant to 15 U.S.C. § 1115 (b)(1).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34. Plaintiffs' claims are barred by one or more applicable statutes of limitation.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35. Any claims for equitable relief are barred by the doctrine of unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

36. Plaintiffs have failed to mitigate their damages, if any.

**WHEREFORE,** defendant, University of Rochester Medical Center, demands judgment dismissing the complaint, together with the costs, disbursements and attorneys fees incurred in this action.

July 28, 2009

WARD NORRIS HELLER & REIDY LLP

By: /s/ Daniel P. Purcell
Daniel P. Purcell
*Attorneys for Defendant URMC*
300 State Street
Rochester, NY 14614
Tel: (585) 454-0740
Fax: (585) 231-1909
dpp@wnhr.com

TO: DONALD A.W. SMITH, P.C.
Donald A.W. Smith, Esq.
125 Sully's Trail
Suite 7
Pittsford, NY 14534
Tel: (585) 381-3866
Fax: (585) 381-6907
don@donsmithlaw.com

WIGGIN AND DANA LLP
Bethany L. Appleby, Esq.
P.O. Box 1832
New Haven, CT 06508-1832
Tel: (203) 498-4496
Fax: (203) 782-2889

*Attorneys for Plaintiffs Scientific Computing Associates, Inc. and Revolutionary Computing, Inc.*

Mr. Gregory Warnes
*Pro Se*
20 Wandering Trail
Pittsford, NY 14534