UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SCIENTIFIC COMPUTING ASSOCIATES,
INC., et al.,

           Plaintiffs,

       v.

GREGORY R. WARNES, et al.,

           Defendants.
_____

<u>ORDER and AMENDED
SCHEDULING ORDER</u>

07-CV-6351T

       Pursuant to a letter having been received by defendant Gregory R. Warnes, Ph.D., dated September 18, 2009, requesting that the documents he filed with the Court on September 18, 2009, be disregarded, specifically the Answer, the Corporate Disclosure Statement, the Rule 26 Disclosure and the Certificate of Service, and for an extension of time to re-file those documents, and counsel for the parties having advised this Court telephonically on September 28, 2009, that they have no objection Mr. Warnes' request, and good cause having been shown, it is hereby

       ORDERED, that the Clerk of the Court is directed to withdraw the documents filed on September 18, 2009, by defendant Gregory R. Warnes, specifically the Answer (Docket # 42), the Corporate Disclosure Statement (Docket # 43), the Rule 26 Disclosure (Docket # 44) and the Certificate of Service (Docket # 45). It is further

       ORDERED, that if Random Technologies, LLC wishes to retain an attorney, a notice of appearance must be filed with this Court. Random Technologies, LLC is further advised that failure to retain an attorney may result in a default judgment against it because

a corporation may not proceed *pro se*. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (holding that a corporation must be represented by an attorney). It is further

ORDERED that:

1. Defendants' Gregory R. Warnes and Random Technologies, LLC time to answer the Amended Complaint is extended until **October 19, 2009**.

2. All mandatory disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure, as well as any objections to the mandatory disclosure requirements, shall be completed on or before **October 19, 2009**.

3. All other deadlines contained in this Court's July 28, 2009 Amended Scheduling Order (Docket # 29) shall remain in full force and effect.

No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension. Application for extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court. Letter requests must detail good cause for the extension and propose new deadlines.

**IT IS SO ORDERED.**

*Marian W Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
September **30**, 2009

2

## *PRO SE* NOTICE

Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. **THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION** by filing his/her own sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.

In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.

Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

Pursuant to Rules 7.1(e) and 56.1 of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.

If plaintiff has any questions, he/she may direct them to the Pro Se Office.

Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 56.1(e) of the Local Rules of Civil Procedure for the Western District of New York.