UNITED STATES DISCTRICT COURT
WESTERN DISTRICT OF NEW YORK

SCIENTIFIC COMPUTING ASSOCIATES, INC., and
REVOLUTION COMPUTING, INC.

                      Plaintiffs,

- vs -

GREGORY R. WARNES, RANDOM TECHNOLOGIES, LLC
and THE UNIVERSITY OF ROCHESTER MEDICAL CENTER,

                      Defendants.

07-CV-6351T(P)

## DEFENDANT'S INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Pursuant to Fed. R. Civ. P. 33 and 34, defendant, University of Rochester Medical Center ("URMC") propounds the following Interrogatories and First Request for Production of Documents to plaintiffs, Scientific Computing Associates and Revolution Computing, Inc. and request that they be answered fully in writing and under oath within 30 days after service hereof.

## DEFINITIONS

The definitions set forth in Rule 26(e) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York are incorporated by reference herein. In addition, the following terms used in these Interrogatories and request for production of documents will have the following meanings:

1.     "Plaintiffs" or "you" or "your," unless otherwise specified, means Scientific Computing Associates, Inc. ("Scientific Computing") and Revolution Computing, Inc.

("Revolution Computing") and their officers, directors, employees, agents, partners, corporate partners, subsidiaries, operating divisions and/or affiliates.

2. "URMC" means the University of Rochester Medical Center, a defendant in this action and an operating division of the University of Rochester, as well any officers, directors, employees, agents, partners, subsidiaries, operating divisions and/or affiliates of the University of Rochester or URMC.

3. "Professor Warnes" means Gregory Warnes, a defendant in this action.

4. "Random Technologies" means "Random Technologies, LLC, a defendant in this action.

5. "Date" means the exact day, month and year of an event if capable of being ascertained, or, if not, your best approximation thereof (including, for example, by relationship to other events).

6. "Amended Complaint" means the Amended Complaint filed by plaintiffs on July 8, 2009 in the above-referenced action.

7. "R Pro" shall refer to the software product/statistical analysis system identified in paragraphs 14-15 of the Amended Complaint.

8. "Network Spaces for RPro" shall refer to the software product identified in paragraphs 16-17 of the Amended Complaint.

9. The terms "all" and "each" shall be construed as all and each.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries and otherwise).

12. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

13. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

14. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s).

15. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

16. The use of the singular form of any word includes the plural and vice versa.

17. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

## **INSTRUCTIONS**

1. This First Request calls for the production of all responsive documents in your possession, custody or control without regard to the physical location of such documents.

2. If you are unable to answer or respond fully to any document request or interrogatory, answer or respond to the extent possible and specify the reasons for your inability to answer or respond in full. If the recipient has no documents or information responsive to a particular request or interrogatory, the recipient shall so state.

3. Each request and interrogatory shall be construed independently and not by reference to any other request for the purpose of limitation.

4. If you refuse to produce documents on the ground that compliance would be unduly burdensome, set forth the number and nature of documents needed to be searched, the location of the documents, and the number of person-hours and costs that would be involved in conducting the search.

5. In producing documents, if the original of any document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

6. If any requested document cannot be produced in full, produce the document to the extent possible, specifying each reason for your inability to produce the remainder of the document stating whatever information, knowledge or belief which you have concerning the portion not produced.

7. If any document requested was in your possession or control, but is no longer in your possession or control, state what disposition was made of said document, the reason for such disposition, and the date thereof.

8. If any documents requested were at any one time in existence but are no longer in existence, then so state, specifying for each document (a) the type of document; (b) the types of information contained thereon; (c) the date upon which it ceased to exist; (d) the circumstances under which it ceased to exist; (e) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (f) the identity of all persons having knowledge or who had knowledge of the contents thereof and each individual's address.

9. All documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of business.

10. You are requested to produce all drafts and notes, whether typed, handwritten or otherwise, made or prepared in connection with such documents, whether or not used.

11. Documents attached to each other shall not be separated.

12. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found, and business address of each document's custodian(s).

13. If any document responsive to this First Request is withheld based upon a claim of privilege, whether based on statute or otherwise, state separately for each document, in addition to any other information requested: (a) the specific request which calls for the production; (b) the nature of the privilege claimed; (c) its date; (d) the name and address of each author; (e) the name and address of each of the addressees and/or individual to whom the document was distributed, if any; (f) the title (or position) of its author; (g) type of tangible object, e.g., letter, memorandum,

telegram, chart, report, recording, disk, etc.; (h) its title and subject matter (without revealing the information as to which the privilege is claimed); and (i) with sufficient specificity to permit the Court to make full determination as to whether the claim of privilege is valid, each and every fact or basis on which you claim such privilege.

14. If any document requested herein is withheld based on a claim that such document constitutes attorney work product, provide all of the information described in Instruction No. 14 and also identify the litigation in connection with which the document and the information it contains was obtained and/or prepared.

15. Defendant does not seek and does not require the production of multiple copies of identical documents.

16. This First Request is deemed to be continuing. If, after producing these documents, you obtain or become aware of any further information, documents, things, or information responsive to this First Request, you are required to so state by supplementing your responses and producing such additional documents to Defendant.

17. Unless otherwise indicated, these document requests and interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in the pleadings.

18. Whenever you are requested to give a date, if you cannot give the exact day, month and year, give your best estimate thereof.

19. You are required to supplement or amend your responses to this discovery request based on any and all information obtained after the filing of such responses.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify each person who assisted in any way in responding to the Interrogatories and Document Requests.

### INTERROGATORY NO. 2

Identify all persons involved in the creation and development of the RPro and Network Spaces software products, including those who persons who created or developed the RPro trademark name.

### INTERROGATORY NO. 3

For the time period January 1, 2005 through December 31, 2008, identify those customers to whom plaintiffs have sold RPro or Network Spaces for RPro.

### INTERROGATORY NO. 4

For the time period January 1, 2005 through December 31, 2008, identify all steps taken by plaintiffs to market and or advertise RPro and Network Spaces for RPro, including an itemized statement of the amounts spent for such marketing and advertising.

### INTERROGATORY NO. 5

Identify all communications between plaintiffs and URMC with respect to:

    A)    Any purchases of plaintiffs' products, including RPro or Network Spaces for RPro;

    B)    Any alleged violations of plaintiffs' trademarks; and

    C)    Any alleged violations of license agreements between plaintiffs and defendants;

### INTERROGATORY NO. 6

Identify every act by URMC and/or Professor Warnes that plaintiffs allege constitutes a breach of any license agreements that exist between plaintiff and defendants and state how plaintiffs were damaged by each such act and how such damages were calculated.

### INTERROGATORY NO. 7

Identify every act by URMC and/or Professor Warnes that plaintiffs allege constituted defendants' interference with plaintiffs' customer relationships and for each such act, identify the customer, the nature and duration of plaintiffs' relationship with that customer and the damages that plaintiffs sustained as a result of defendants' alleged interference, including a detailed statement as to how such damages were calculated; including any claims for lost profits.

### INTERROGATORY NO. 8

Identify every act by URMC and/or Professor Warnes that plaintiffs allege constituted an infringement of the RPro and/or Network Spaces trademarks and for each such act, identify when and in what manner plaintiffs learned of the alleged violation or infringement and how plaintiffs were damaged by the infringement, together with a detailed statement as to how such damages were calculated; including any claims for lost profits.

### INTERROGATORY NO. 9

For each act identified in response to the preceding interrogatory, state whether plaintiffs allege the act resulted in actual consumer confusion as to the origin of the RPro and/or Network Spaces trademarks and, if so, identify each customer or potential customer that plaintiffs allege was affected, as well as when and in what manner plaintiffs learned of the alleged confusion.

**INTERROGATORY NO. 10**

For the time period January 1, 2005 through December 31, 2008, state the gross and net amounts earned by plaintiffs through the sale of RPro and Network Spaces.

**INTERROGATORY NO. 11**

For the time period January 1, 2005 through December 31, 2008, identify any communications between you and Professor Warnes regarding RPro, Network Spaces, or any other projects on which plaintiffs and Professor Warnes collaborated.

**INTERROGATORY NO. 12**

Identify all facts upon which plaintiffs rely in alleging bad faith and/or willful conduct by URMC and/or Professor Warnes.

## REQUESTS FOR PRODUCTION

### DOCUMENT REQUEST NO. 1

All documents concerning the attorneys' fees you allege you are entitled to in the Amended Complaint.

### DOCUMENT REQUEST NO. 2

All documents concerning licensing agreements allegedly breached by defendants.

### DOCUMENT REQUEST NO. 3

All documents concerning any purchases by defendants of software or other products from plaintiffs from January 1, 2005 and December 31, 2008.

### DOCUMENT REQUEST NO. 4

All documents concerning any communications between Professor Warnes and plaintiffs from January 1, 2005 through December 31, 2008.

### DOCUMENT REQUEST NO. 5

All documents concerning any communications between URMC and plaintiffs from January 1, 2005 through December 31, 2008.

### DOCUMENT REQUEST NO. 6

All documents concerning plaintiffs' sales of RPro and/or Network Spaces for RPro from January 1, 2005 through December 31, 2008.

**DOCUMENT REQUEST NO. 7**

All documents concerning marketing and advertising efforts made by plaintiffs from January 1, 2005 through December 31, 2008, with respect to RPro and/or Network Spaces for RPro.

**DOCUMENT REQUEST NO. 8**

All documents concerning any communications between plaintiffs and any third-parties regarding defendants' use or publication of the terms "RPro" and/or "Network Spaces for RPro".

**DOCUMENT REQUEST NO. 9**

All documents relating to the damages plaintiffs allege they have incurred as a result of defendants' purported conduct, and any computations or analyses illustrating how plaintiffs determined such damages.

**DOCUMENT REQUEST NO. 10**

All documents relied upon in preparing your responses to the above Interrogatories that have not been produced in response to any other request above.

**DOCUMENT REQUEST NO. 11**

All documents relating to any communication with, or any review or approval of plaintiffs' trademark applications by the United States Patent and Trademark Office.

November 2, 2009                              WARD NORRIS HELLER & REIDY LLP

                                                                  By:   /s/ Daniel P. Purcell
                                                                           Daniel P. Purcell
                                               *Attorneys for Defendant URMC*
                                               300 State Street
                                               Rochester, NY 14614
                                               Tel:   (585) 454-0740
                                               Fax:  (585) 231-1909
                                               dpp@wnhr.com

TO:    DONALD A.W. SMITH, P.C.
Donald A.W. Smith, Esq.
125 Sully's Trail
Suite 7
Pittsford, NY 14534
Tel:   (585) 381-3866
Fax:   (585) 381-6907
don@donsmithlaw.com

WIGGIN AND DANA LLP
Bethany L. Appleby, Esq.
P.O. Box 1832
New Haven, CT 06508-1832
Tel:   (203) 498-4496
Fax:   (203) 782-2889

*Attorneys for Plaintiffs Scientific Computing Associates, Inc. and Revolutionary Computing, Inc.*

Mr. Gregory Warnes
*Pro Se*
20 Wandering Trail
Pittsford, NY 14534