SCIENTIFIC COMPUTING ASSOCIATES, INC., and
REVOLUTION COMPUTING, INC.,

                              Plaintiffs,

-vs-

GREGORY R. WARNES

                              Defendant

GREGORY R. WARNES

                              Counterclaim Plaintiff,

-vs-

SCIENTIFIC COMPUTING ASSOCIATES, INC.,
REVOLUTION COMPUTING, INC., and MARTIN
SCHULTZ, RICHARD SCHULTZ, BEVERLY THALBURG
SHULTZ, KIRK METTLER, and STEVE WESTON

                              Counterclaim Defendants.

**AMENDED SCHEDULING ORDER**

Civil Action No.
07-CV-6351

Pursuant to this Court's March 18, 2010 Order, the parties have conferred and agreed to the following case schedule and it is therefore

ORDERED that:

1. REvolution Computing, Inc. and Scientific Computing Associates, Inc.'s (collectively "REvolution Computing") responsive pleading to Gregory R. Warnes' ("Warnes") counterclaims shall be due by April 16, 2010.

2. Warnes' responses, including document production, to REvolution Computing's First Set of Interrogatories and Requests for Production shall be due by April 30, 2010.

3.      Warnes's First Set of Interrogatories and Requests for Production shall be provided to REvolution Computing by June 4, 2010.

4.      REvolution Computing's responses, including document production, to Warnes' First Set of Interrogatories and Requests for Production shall be due by July 23, 2010.

5.      All written discovery shall be propounded by August 20, 2010.

6.      All additional factual, non-expert discovery in this case, including depositions, shall be completed on or before October 22, 2010. All motions to compel discovery shall be filed at least thirty (30 days) prior to the factual discovery cutoff.

7.      Plaintiffs shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by November 19, 2010. Warnes shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by December 17, 2010. Parties shall complete all discovery relating to experts, including depositions, by January 28, 2011.

8.      Dispositive motions, if any, shall be filed no later than February 25, 2011. Unless a consent to proceed before this Court has been filed, such motions shall be made returnable before Judge Telesca. NOTE: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.

9.      A trial date status conference pursuant to Fed. R. Civ. P. Rule 16(d) and Local Rule 16.1(f) will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions. If no dispositive motions are filed, counsel shall immediately contact the trial judge so that a trial date status conference can be schedule.

2

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

(1) <u>Nature of the Case</u>: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

(2) <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

(3) <u>Settlement</u>: Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

(4) <u>Trial</u>: State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension. Application for extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a

letter to the court. Letter requests must detail good cause for the extension and propose new deadlines.

IT IS SO ORDERED.

                                                                   /s/ Marian W. Payson
                                                                   MARIAN W. PAYSON
                                                             United States Magistrate Judge

Dated: Rochester, New York
        April 2, 2010

19132\2\2351000.2

4