UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCIENTIFIC COMPUTING ASSOCIATES, INC. AND REVOLUTION COMPUTING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY R. WARNES<br><br>Defendant. | Civil Action No.<br>07-CV-6351 |

**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MOTION
FOR LEAVE TO SERVE
ADDITIONAL INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 33(a)(1), 26(b)(2)(A), and Local Rule 34, Plaintiffs/Counterclaim Defendants Scientific Computing Associates, Inc. and REvolution Computing, Inc. (collectively, "Plaintiffs") respectfully move for the Court's permission to serve additional interrogatories and requests for the production of documents on Defendant/ Counterclaim Plaintiff Gregory R. Warnes ("Warnes") in connection with Warnes' counterclaims.

Plaintiffs originally served twenty-three interrogatories, and nineteen document requests (including subparts) on Warnes in September 2009 in connection with Plaintiffs' affirmative claims. See Docket Entry No. 40. In October 2009, Warnes filed counterclaims against Plaintiffs. See Docket Entry No. 50. These counterclaims, comprised of thirteen separate counts, include numerous allegations about which Plaintiffs need to conduct discovery to defend themselves. Plaintiffs therefore respectfully request that the Court grant Plaintiffs leave to serve an additional set of interrogatories and document requests (attached hereto) on Warnes in connection with the allegations in Warnes' counterclaims.

Dated:  May 14, 2010  By: _____/s/_____

    Donald A.W. Smith, Esq.
    125 Sully's Trail, Suite 7
    Pittsford, New York  14534
    Tel:  585-381-3866
    Fax: 585-381-6907
    don@donsmithlaw.com

    and

    Bethany L. Appleby, Esq.
    Wiggin and Dana LLP
    One Century Tower
    P.O. Box 1832
    New Haven, CT 06508-1832
    Tel.: 203-498-4496
    Fax: 203-782-2889
    bappleby@wiggin.com

    *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SCIENTIFIC COMPUTING ASSOCIATES, INC. AND REVOLUTION COMPUTING, INC. | : : : : | |
| Plaintiffs, | : : | Civil Action No. 07-CV-6351 |
| v. | : : | |
| GREGORY R. WARNES | : : : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2010, I caused to be served a copy of the foregoing Motion for Leave to Serve Additional Interrogatories upon Gregory R. Warnes, *pro se*, 20 Wandering Trail, Pittsford, NY 14534 via U.S. Mail, postage prepaid.

                                                                                                                 /s/
                                                                                     Donald A.W. Smith, Esq.

19132\2\2371125.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCIENTIFIC COMPUTING ASSOCIATES, INC. AND REVOLUTION COMPUTING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY R. WARNES<br><br>Defendant. | Civil Action No. 07-CV-6351 |

## PLAINTIFFS'/COUNTERCLAIM DEFENDANTS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT/COUNTERCLAIMANT GREGORY R. WARNES

Pursuant to Fed. R. Civ. P. 33 and 34 and Local Rule 34, Plaintiffs/Counterclaim Defendants Scientific Computing Associates, Inc. ("Scientific Computing") and REvolution Computing, Inc. ("REvolution Computing") (collectively, "Plaintiffs") hereby propound to Defendant/Counterclaim Plaintiff Gregory R. Warnes ("Warnes") the following Interrogatories and Requests for Production.

### DEFINITIONS

1. The terms "Plaintiff" and "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

    2.    "Person" means any natural person or any business, legal or governmental entity or association.

    3.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

    4.    "Draft" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, whether or not such document was superseded by a later draft and whether or not the terms of the draft are the same as or different from the terms of the final document.

    5.    "Employee" means any agent, independent contractor, or any person provided compensation in return for working on behalf of the entity providing compensation.

    6.    "Any" means one or more.

    7.    The terms "all" and "each" shall be construed as all and each.

    8.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

    9.    "Relate" or "relating to" means directly or indirectly describing, regarding, referring to, dealing with, reflecting, concerning, pertaining to, analyzing, constituting, embodying, comprising, containing, identifying, evidencing or related in any manner legally, logically, factually, indirectly or directly to the matters discussed.

    10.    "State" means to describe the place and date of, and identify any person(s) or document(s) involved in the transaction, communication, event, or occurrence in question, and the nature and subject matter of the transactions, communications, events or occurrences in question.

11. "Identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

12. "Identify" (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s).

13. "Identify" or "identity" in the case of an event or occurrence means to state: (a) the nature or type of event or occurrence; (b) the date of the event or occurrence; (c) the identity of all persons present during the event or occurrence; and (d) all documents relating to the event or occurrence.

14. "Identify" or "identity" in the case of a communication means to state: (a) the nature, type or manner of communication; (b) the date of the communication; (c) the identity of all persons present during, or otherwise witnesses to, the communication; (d) the substance of the communication; and (e) all documents relating to the communication.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as necessary to make any paragraph more, rather than less, inclusive.

17. The use of the singular form of any word includes the plural and vice versa.

18. "You" or "your" shall refer to Defendants Gregory R. Warnes and Random Technologies, LLC and anyone acting on either of their behalf.

19. "Warnes" shall refer to Defendant Gregory R. Warnes and anyone acting on his behalf.

20. "Random Technologies" shall refer to Random Technologies, LLC and anyone acting on its behalf.

21. "Plaintiffs' Marks" means the trademarks, service marks, trade names and proprietary trade dress used in connection with Plaintiffs' businesses, including but not limited to "RPRo", "NetWorkSpaces", and "NetWorkSpaces for RPro".

22. "R Statistical Analysis Software Products" means any statistical analysis computer software and services based on the open source R statistical software.

23. "Complaint" shall mean the Amended Complaint dated July 8, 2009 filed in the above-captioned matter.

24. "Counterclaims" shall mean the counterclaims filed on October 19, 2009 by Warnes.

25. "Lawsuit" shall mean the above-captioned matter filed by Scientific Computing and REvolution Computing against Warnes, and including the Counterclaims filed by Warnes.

## INSTRUCTIONS

1. You must furnish all documents and information available to you.

2. You must make a reasonable and good faith effort to obtain responsive information to these Interrogatories and Requests by inquiring of persons known to you to have knowledge or information relating to this action.

3. All documents that are in your possession, custody or control or can be obtained upon reasonable investigation must be produced in response to these Requests. All responsive documents in the possession, custody or control of any of your current and former attorneys, except privileged matters, must be produced.

4. You must respond to each Interrogatory completely and in a straightforward manner. If you cannot answer an Interrogatory completely, you must answer the Interrogatory to the extent possible, state why you cannot completely answer the Interrogatory and state the nature of the information that you are unable to furnish. If precise information cannot be supplied, submit (a) your best estimate or judgment, so identified, and set out the source or basis of the estimate or judgment, and (b) provide such information available to you as best approximates the information requested. Where incomplete answers, estimates or judgments are submitted, and you know of or have reason to believe there are other sources of more complete or accurate information, identify or describe those other sources of information.

5. If you refuse to answer any part of an Interrogatory or Request, you must state the nature of the information that you are withholding and describe in detail the legal and/or factual basis upon which you are withholding such information.

6. If any document(s) responsive to a Request are withheld, on the ground of privilege or otherwise, identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked. Additionally, set forth in a separate log the legal and/or factual basis for withholding such document, its present location and custodian, and such additional information as may be required to enable it to be identified and to enable the Court to adjudicate the propriety

of the withholding, including, but not limited to, the type of document, its date, author(s), addressee(s), recipient(s), and its general subject matter.

7. Whenever you answer an Interrogatory in whole or in part by referring to a document, you must attach the document as an exhibit to the response. In your response, you must refer to the document by the page and section where the answer to the Interrogatory is found.

8. Documents produced in response to a Request shall be produced in the order in which they were kept in the normal course of business. Documents shall not be rearranged prior to production.

9. If any document responsive to a Request was at one time in existence, but is no longer in existence, please state for each such document:

    (a) The type of document;

    (b) The types of information contained therein;

    (c) The date upon which it ceased to exist;

    (d) The circumstances under which it ceased to exist;

    (e) The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

    (f) The identity of all persons having knowledge or who had knowledge of the contents thereof.

10. For each document responsive to a Request that you are unable to furnish and that was at any time within your possession, custody or control, or to which you had access at any time, specify in detail:

    (a) The nature of the document (i.e., letter, memorandum, etc.);

   (b) The author of the document;

   (c) All recipients of the document and any copy thereof;

   (d) A summary of the information contained in the document;

   (e) The date on which you lost, relinquished, or otherwise ceased to have possession, custody, control of, or access to the document;

   (f) Identify all persons having knowledge of the circumstances whereby you lost, relinquished, or otherwise ceased to have possession, custody, control of, or access to the document; and

   (g) Identify all persons who have or have had knowledge of the contents of the document, in full or in part.

  11. Each Interrogatory and Request shall be construed independently and shall not be referred to in any other Interrogatory or Request for purposes of limitation except where indicated.

  12. You must supplement and amend your answers to these Interrogatories and Requests as required by Rule 26(e) of the Federal Rules of Civil Procedure.

**INTERROGATORIES**

  Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs request that Warnes answer the following Interrogatories in writing and under oath within thirty (30) days of receipt of these Interrogatories or as otherwise ordered by the Court:

  1. Identify the specific date and location you allegedly approached Martin Schultz with the concept of creating a business to develop and market an enhanced version of the open-source "R" statistical analysis system, as described in paragraph 11 of your Counterclaims and

identify all documents concerning, reflecting or supporting the allegations in paragraph eleven of your Counterclaims.

   2. Please state the anticipated duration of the alleged partnership described in paragraph 12 of your Counterclaims and identify the specific date and location you allegedly entered into a partnership agreement with Martin Schultz, Richard Schultz, Beverly Thalburg Schultz, Kirk Mettler and Steve Weston and identify all documents concerning, reflecting or supporting your allegations in paragraph 12 of your Counterclaims.

   3. Identify your specific, actual contributions (rather than just your experience and credentials) to the R Project alleged in paragraph 13 of your Counterclaims, state the date(s) of those contributions, and identify all documents concerning, reflecting or supporting your allegations in paragraph 13 of your Counterclaims.

   4. Identify the individual(s) with whom you agreed to the terms described in paragraphs 14 and 16 of your Counterclaims and the specific date(s) and location(s) you allegedly entered into the referenced oral agreement(s) and identify all documents concerning, reflecting or supporting your allegations in paragraphs 14 and 16 of your Counterclaims.

   5. Identify the persons with whom you affirmed and discussed the terms of the oral agreement described in paragraph 15 of your Counterclaims and identify the date(s) and location(s) you affirmed and discussed the referenced terms and identify all documents concerning, reflecting or supporting your allegations in paragraph 15 of your Counterclaims, including, but not limited to, the "various written documents" referenced in that paragraph.

   6. Identify the date(s) on which you performed each of the items listed in paragraph 18 of your Counterclaims and identify all documents concerning, reflecting or supporting your allegations in paragraphs 18 and 19 of your Counterclaims.

7. Identify the specific date and location of your alleged conversation with Richard Schultz whereby Richard Schultz allegedly claimed it was not possible to create a formal agreement before venture funding was obtained, as described in paragraph 24 of your Counterclaims, explain why you believe that this statement was "obviously false," and identify all documents concerning, reflecting or supporting your allegations in paragraphs 24 and 25 of your Counterclaims.

8. Identify to whom you addressed your demand that the partnership agreement be terminated, as described in paragraph 28 of your Counterclaims and identify all documents concerning, reflecting or supporting your allegations in paragraph 28 of your Counterclaims, including, but not limited to, any documents constituting or reflecting your alleged demand "that both the other partners and SCA/Revolution Computing cease using intellectual property contributed by" you.

9. Identify the specific date on which you entered into the agreement described in paragraph 29 of your Counterclaims, state whether that agreement was oral or in writing, and identify all documents concerning, reflecting or supporting your allegations in paragraph 29 of your Counterclaims, including, but not limited to, any documents constituting or reflecting the referenced agreement.

10. Identify the individual or entity in whose name the trademark filing referenced in paragraph 31 of your Counterclaims was made. If the trademark filing was made in the name of an entity that did not legally exist, please explain why the filing was not void *ab initio*.

11. Identify the individual(s) using the e-mail address "tony@random-technologies-llc.com" at any time and explain why that e-mail address was used as the "correspondent e-mail address" for the trademark filing referenced in paragraph 31 of your Counterclaims.

12. Please state the date of first use identified in the trademark registration filing described in paragraph 31 of your Counterclaims and identify all documents concerning, reflecting or supporting your allegations in paragraph 31 of your Counterclaims.

13. Identify the date(s) on which you claim that Richard Schultz "agreed verbally with the request to cease using [your] intellectual property" in paragraph 40 of your Counterclaims and describe in detail exactly what Mr. Schultz said to you in this regard and what precise "intellectual property" he agreed not to use, and identify all documents concerning, reflecting or supporting your allegations in paragraph 40 of your Counterclaims.

14. Please provide a detailed itemization of all damages claimed in your Counterclaims, explain the method of calculation for each such itemization of damages, and identify all documents concerning, reflecting or supporting your claimed damages.

15. Identify the specific date you first heard of or saw the name "REvolution Computing" and how you first heard of or saw that name and identify the first document(s) you saw that included or referenced this name.

16. Identify the specific date you first heard of or saw the name "RPRO" or "R PRO" and how you first heard of or saw that name and identify the first document(s) you saw that included or referenced this name.

17. Identify the "additional documents" in which you allege that REvolution Computing has fraudulently asserted ownership of the marks "RPRO" and "REvolution Computing" with the United States Patent and Trademark Office, as alleged in paragraph 86 of your Counterclaims.

18. Identify the "core business ideas, business methods, intellectual property, and technology that you allege in paragraph 89 of your Counterclaims were or are trade secrets and

identify all documents concerning, reflecting or supporting your allegations in paragraph 89 of your Counterclaims.

19. Identify the documents you allege that you authored or contributed to that form the basis of your copyright claim, as alleged in paragraphs 98 and 99 of your Counterclaims.

20. Identify the individual(s) who, on behalf of Partners, allegedly agreed to cease using your intellectual property, as alleged in paragraph 106 of your Counterclaims, state whether this agreement was oral or in writing, and identify all documents concerning, reflecting or supporting your allegations in paragraph 106 of your Counterclaims.

21. Identify the basis for your allegation in paragraphs 111, 114, and 118 that Partners and REvolution Computing had "full knowledge" that the assertions described in these paragraphs were false, and identify all documents concerning, reflecting or supporting your allegations in paragraphs 111, 114, and 118 of your Counterclaims.

22. Identify the current and potential clients identified in paragraph 115 of your Counterclaims and identify all documents concerning, reflecting or supporting your allegations in paragraph 115 of your Counterclaims.

23. Identify the "other false and slanderous information" alleged in paragraph 119 of your Counterclaims and the individual(s) disseminating this information and the date(s) when it was disseminated, and identify all documents concerning, reflecting or supporting your allegations in paragraph 119 of your Counterclaims.

24. Identify all communications, whether oral or written (including electronic), that you have had with Martin Schultz, Richard Schultz, Beverly Thalberg Schultz, Kirk Mettler, and Steve Weston, or any employees of Scientific Computing or REvolution Computing, concerning

any issues relevant to the Lawsuit or any claims in any way related to issues raised in the Lawsuit.

**REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs request that Warnes produce the following designated documents and tangible things, within thirty (30) days of receipt of these discovery requests, or as otherwise ordered by the Court, at the offices of Wiggin and Dana LLP, One Century Tower, P. O. Box 1832, New Haven, CT 06508-1832.

1. Copies of all documents identified in your Interrogatory responses.

2. To the extent not already produced in response to the Request above, copies of all documents relating to your Pfizer employment agreement referenced in paragraph 21 of your Counterclaim and all documents relating to the termination of your Pfizer employment, including, but not limited to, any letters of resignation, termination letter, unemployment claims, releases and severance agreements.

3. To the extent not already produced in response to the Requests above, copies of all documents relating to your application for employment at the University of Rochester, including, but not limited to, all correspondence concerning possible employment, all materials that you submitted in connection with your application for employment (including, but not limited to, your c.v.), all offer letters and copies of all correspondence relating to your application and prospective employment.

4. To the extent not already produced in response to the Requests above, copies of all documents supporting the allegations in your Counterclaims.

5. To the extent not already produced in response to the Requests above, copies of all documents supporting your claim for damages.

6. To the extent not already produced in response to the Requests above, copies of all documents constituting or reflecting communications or agreements with Plaintiffs, Martin Schultz, Richard Schultz, Beverly Thalburg Schultz, Kirk Mettler or Steve Weston.

7. To the extent not already produced in response to the Requests above, copies of all documents relating to the trademark search and filing referenced in paragraph 31 of your Counterclaims, including, but not limited to, copies of all submissions to and correspondence with the United States Patent and Trademark Office.

8. To the extent not already produced in response to the Requests above, copies of all documents supporting your alleged "reasonable effort to communicate willingness to comply with Plaintiff's demands" described in paragraph 38 of your Counterclaims.

9. To the extent not already produced in response to the Requests above, please produce all documents relating to Random Technologies' efforts to obtain funding as described in paragraph 44 of your Counterclaims, including, but not limited to, copies of all loan applications and submissions to, and correspondence with, any potential funding source.

10. To the extent not already produced in response to the Requests above, copies of all documents related to or supporting your work to form a new company to implement the commercialization of the "R" software, including but not limited to documents related to your trademark filings for "R PRO", as described in paragraphs 30 through 33 of your Counterclaims, and all documents otherwise related to or supporting the allegations in paragraphs 28 and 29 of your Counterclaims.

11. To the extent not already produced in response to the Requests above, copies of all documents related to or supporting your assertion that REvolution Computing is the

beneficiary of and successor to the partnership agreement, as alleged in paragraph 48 of your Counterclaims.

12. To the extent not already produced in response to the Requests above, copies of all documents related to or supporting your assertion that REvolution Computing is the successor and beneficiary of Scientific Computing, as alleged in paragraph 49 of your Counterclaims.

13. To the extent not already produced in response to the Requests above, all documents related to or supporting the alleged partnership agreement between you and Martin Schultz, Richard Schultz, Beverly Thalburg Schultz, Kirk Mettler, and Steve Weston described in paragraph 12, 14 and/or 16 of your Counterclaims.

14. To the extent not already produced in response to the Requests above, all documents related to or supporting the alleged oral agreement alleged in paragraph 14 of your Counterclaims, including the "various written documents" including or referencing the terms of this oral agreement identified in paragraph 15 of your Counterclaims.

15. To the extent not already produced in response to the Requests above, all documents related to or supporting your alleged contributions to the development of REvolution Computing, including but not limited to the contributions identified in paragraphs 13 and 18 of your Counterclaims.

16. To the extent not already produced in response to the Requests above, all documents related to or supporting the alleged agreement between you and Richard Schultz regarding the termination of the alleged partnership and the separation of your business interests from the interests of Martin Schultz, Richard Schultz, Beverly Thalberg Schultz, Kirk Mettler, and Steve Weston and your allegation that you demanded "that both the other partners and SCA/Revolution Computing cease using intellectual property contributed by" you, as alleged in

paragraphs 28 and 29 of your Counterclaims, and all documents otherwise related to or supporting the allegations in paragraphs 28 and 29 of your Counterclaims.

17. To the extent not already produced in response to the Requests above, all documents you allegedly authored or substantially contributed to as alleged in paragraphs 98 and 99 of your Counterclaims.

**PLAINTIFFS,**
**SCIENTIFIC COMPUTING**
**ASSOCIATES, INC. AND**
**REVOLUTION COMPUTING, INC.**

Dated: May __, 2010          By: _____
                              Bethany L. Appleby
                              WIGGIN AND DANA LLP
                              One Century Tower
                              P.O. Box 1832
                              New Haven, CT 06508-1832
                              (203) 498-4400
                              (203) 782-2889 fax
                              bappleby@wiggin.com

                              - AND -

                              Donald A.W. Smith, Esq.
                              125 Sully's Trail, Suite 7
                              Pittsford, New York 14534
                              Tel: 585-381-3866
                              Fax: 585-381-6907

                              don@donsmithlaw.com

                              *Their Attorneys*

## **VERIFICATION**

I, Gregory R. Warnes hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

_____

Subscribed and sworn to before me this _____ day of _____, 2010.

_____
Notary Public
My Commission Expires:

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by e-mail and first class mail, postage prepaid, on this __th day of May, 2010 to:

Gregory R. Warnes
20 Wandering Trail
Pittsford, NY 14534
greg@warnes.net

_____
Bethany L. Appleby