**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES DISTRICT COURT
FILED
MAY 1 4 2010
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

| | |
|---|---|
| SCIENTIFIC COMPUTING ASSOCIATES, INC., and REVOLUTION COMPUTING, INC., <br>                             **Plaintiffs,** <br><br> -vs- <br><br> GREGORY R. WARNES <br>                              **Defendants.** | **Defendant/Counterclaim Plaintiff, Gregory R. Warnes', Answers to Plaintiffs/Counterclaim Defendants First Set of Interrogatories and Response to Requests for Production** |
| GREGORY R. WARNES <br>                    **Counterclaim Plaintiff,** <br><br> -vs- <br><br> SCIENTIFIC COMPUTING ASSOCIATES, INC., REVOLUTION COMPUTING, INC., and MARTIN SCHULTZ, RICHARD SCHULTZ, BEVERLY THALBURG SHULTZ, KIRK METTLER, and STEVE WESTON <br>                  **Counterclaim Defendants.** | **Civil Action No. 07-CV-6531(P)** |

Defendant/Counterclaim Plaintiff, GREGORY R. WARNES ("WARNES"), for his answers to Plaintiffs/Counterclaim Defendants', SCIENTIFIC COMPUTING ASSOCIATES, INC., and REVOLUTION COMPUTING, INC, ("SCA") first set of interrogatories and response to requests for production states as follows:

**GENERAL OBJECTIONS**

1. The responses set forth below are based upon information currently known to WARNES and he submits these responses without waiving or intending to waive the right to object on any basis, including, but not limited to the following: competence, relevance, materiality, privilege, and/or admissibility. WARNES further expressly reserves the right to object to the use of these responses as evidence for any purpose, including but not limited to the use of these responses in any subsequent proceedings or in the trial of this or any other action. WARNES also reserves the

right to object on any ground to other Interrogatories or Disclosure Requests concerning the subject matter of these Interrogatories. In addition, WARNES incorporates each and every one of his General Objections into each of its Specific Objections and Responses set forth below.

2. WARNES objects generally to the Interrogatories to the extent that they are overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

3. WARNES objects generally to the Interrogatories to the extent that they fail to define a relevant time period and are therefore overly broad and unduly burdensome.

4. WARNES objects generally to the Interrogatories to the extent that they purport to require WARNES to produce information which is in the public domain or available from other sources or third parties, because such information is equally available to SCA.

5. WARNES objects generally to the Interrogatories to the extent that they purport to inquire about issues or seek information not within WARNES possession, custody, or control.

6. WARNES objects generally to the Interrogatories to the extent that they purport to require production of information that is privileged and/or protected from disclosure as material prepared for or in anticipation of litigation; attorney work product; attorney-client communications; are not discoverable under Federal Rule of Evidence 408 as confidential settlement communications; are shielded from discovery as material governed by the common interest privilege or are otherwise privileged. Moreover, the inadvertent production of any privileged or work product information or any other protected or privileged information shall not be deemed a waiver of any claim of protection or privilege WARNES has or may have as to such information, and WARNES reserves the right to demand the return of all information inadvertently produced.

7. WARNES objects generally to the Interrogatories to the extent that they purport to require production of confidential, proprietary, trade secret, or otherwise sensitive information belonging to WARNES or to other entities not parties to this action.

8. WARNES objects generally to the Interrogatories to the extent that they exceed the scope of or request information beyond that which is required to be disclosed pursuant to the Federal Rules of Civil Procedure and/or Local Rules of Civil Procedure for the Western District of New York.

9. WARNES objects generally to the Interrogatories and Document Requests related to WARNES relationship and communications with URMC and the University of Rochester. First, URMC is no longer a party to this action. Second, WARNES' employment activities for URMC and The University of Rochester have no relation to SCA's assertion that WARNES used the term "RPRO" and/or "NETWORKSPACES" in violation of 15 USC §1125(a) or in any other way interfered with SCA's alleged rights with respect to "RPRO" and/or "NETWORKSPACES". Thus, all interrogatory and document requests related to WARNES relationship and communications with URMC and the University of Rochester are irrelevant, immaterial, and inadmissible since they are not reasonably related to the claims asserted in SCA's amended complaint.

## SPECIFIC OBJECTIONS AND RESPONSES

### Interrogatory No. 1

Identify all individuals who are presently, or who were at any time in the past five years, employed by or affiliated with you in any manner, including, but not limited to, consultants or

independent contractors.  For each such individual, please also provide the dates of their employment or affiliation and job title.

**Response No. 1**

WARNES objects to this interrogatory because it is overly broad and not reasonably related to the claims asserted in SCA's amended complaint.

**Interrogatory No. 2**

Identify all individuals who have been involved in any way in developing, selling, or marketing your statistical software products at any time in the past five years, including, but not limited to, R Statistical Analysis Software Products.

**Response No. 2**

WARNES objects to this interrogatory because it is overly broad, unreasonably burdensome, and not reasonably related to the claims asserted in SCA's amended complaint.

**Interrogatory No. 3**

Identify all of your statistical software products, including, but not limited to, R Statistical Analysis Software Products, advertised, marketed and/or offered for sale by you or anyone else at any time in the past five years.  For each such product, please provide the products name and a brief description of the products functionality, identify the individual(s) and/or entity(ies) advertising, marketing and/or offering it for sale, and state the date when it was advertised, marketed and/or offered for sale.

**Response No. 3**

WARNES objects to this interrogatory because it is overly broad and not reasonably related to the claims asserted in SCA's amended complaint.

**Interrogatory No. 4**

State whether your statistical software products, including, but not limited to, R Statistical Analysis Software Products, have been sold or offered for sale by or through any third party at any time in the past five years, including, but not limited to, web-based and brick-and-mortar retail merchants or establishments, and identify such third parties, websites, merchants, and establishments.

**Response No. 4**

WARNES objects to this interrogatory because it is overly broad and not reasonably related to the claims asserted in SCA's amended complaint.

**Interrogatory No. 5**

Identify all entities and individuals, including, but not limited to, any individual acting on behalf of an entity, with whom you communicated in any way concerning the sale or potential sale of your statistical software products at any time in the past five years, including, but not limited to, R Statistical Analysis Software.

**Response No. 5**

WARNES objects to this interrogatory because it is overly broad, vague, unduly burdensome, and not reasonably related to the claims asserted in SCA's amended complaint.

**Interrogatory No. 6**

Disclose all website addresses, or URLS, whether run by you or any third party at any time during the past five years, at which any of your statistical software products, including, but not limited to, R Statistical Analysis Software Products were featured, advertised, marketed, and/or offered for sale.

**Response No. 6**

WARNES objects to this interrogatory because it is overly broad, vague, unduly

burdensome, and not reasonably related to the claims asserted in SCA's amended complaint.

**Interrogatory No. 7**

Provide an accounting of any money or any items of value that you have received that was

in any way connected to the sale or marketing of any statistical analysis software products in the

past five years, including, but not limited to, sales of R Statistical Software Products.  For each

sale identify the purchaser and state the sale price.

**Response No. 7**

WARNES objects to this interrogatory because it is overly broad, unduly burdensome,

would require production of confidential, proprietary, or sensitive information and would not

reasonably lead to the discovery of admissible evidence.

**Interrogatory No. 8**

Identify all Persons who have had an interest of any kind, at any time, in Random

Technologies, its business, or its products or services advertised, marketed, sold, or offered for

sale and state the nature and dates of each such interest.

**Response No. 8**

Gregory R. Warnes, Ph.D.  - Owner

**Interrogatory No. 9**

Identify all physical locations where, or from where, your statistical software products,

including, but not limited to, any R Statistical Analysis Software Products, were advertised,

marketed, sold or offered for sale, developed and/or improved, and, for each such location,

identify the activity that took place at the location and state the dates of the activity.

**Response No. 9**

WARNES objects to this interrogatory because it is overly broad, vague, unduly

burdensome, and not reasonably related to the claims asserted in SCA's amended complaint.

**Interrogatory No. 10**

State whether you ever used any facilities at or owned by URMC or the University of

Rochester, including, but not limited to, any buildings, software and/or servers, in connection

with advertising marketing, selling or offering for sale, developing and/or improving any

statistical software products, including, but not limited to, any R Statistical Analysis Software

Products, and if so, identify the specific products involved, the specific facilities used, and the

dates of each use.

**Response No. 10**

WARNES objects to this interrogatory because it is overly broad, vague, unduly

burdensome, and not reasonably related to the claims asserted in SCA's amended complaint.

**Interrogatory No. 11**

Identify the Person who paid for your purchase of RPro with NetWorkSpaces software in

the Fall of 2006, identified in a price quote #61381d.

**Response No. 11**

WARNES objects to this interrogatory because it is not reasonably related to the claims

asserted in SCA's amended complaint.

**Interrogatory No. 12**

Identify any of Plaintiff's R Statistical Analysis Software Products that URMC and/or the

University of Rochester ever purchased, paid for and/or reimbursed you or anyone else for, for

your use.  For each such purchase, identify the product purchased, the individual who approved

the purchase, the date of the purchase, the price of the product purchased, and the purpose of the purchase.

**Response No. 12**

WARNES objects to this interrogatory because it is not reasonably related to the claims asserted in SCA's amended complaint.

**Interrogatory No. 13**

State whether URMC has financed, or provided reimbursement for, any trips by you to trade shows or conferences at which you displayed or promoted any statistical analysis software products, including, but not limited to, R Statistical Software Products. For each such trip, provide the date(s) of the trip, the name and location of the trade show, and the amount of expenses reimbursed.

**Response No. 13**

WARNES objects to this interrogatory because it is not reasonably related to the claims asserted in SCA's amended complaint.

**Interrogatory No. 14**

Identify all communications, whether oral or written (including electronic), that you have had with URMC or the University of Rochester or any individual acting on either of their behalf, including, but not limited to, Daniel Purcell or any of their other lawyers, concerning:

(a) Random Technologies;

(b) any of your statistical analysis software products, including, but not limited to, R Statistical Analysis Software Products;

(c) any press release or draft press release regarding any statistical software products, including, but not limited to, R Statistical Analysis Software Products;

(d) Plaintiffs, Plaintiff's claims, or Plaintiff's R Statistical Analysis Software Products;

(e) the letter to you dated June 27, 2007 from Robert Dunne, or the letter to you dated July 18, 2007 from William J. Speranza;

(f) any investigation or discipline of you by URMC or the University of Rochester; and

(g) the Lawsuit or any claims in any way related to the Lawsuit.

**Response No. 14**

WARNES objects to this interrogatory because it is overly broad, unduly burdensome, does not specify a relevant time period, and is not reasonably related to the claims asserted in SCA's amended complaint. WARNES further objects to the extent that the interrogatory seeks information that is protected by attorney-client privilege and/or common interest privilege regarding this lawsuit which is not an appropriate subject for discovery.

**Interrogatory No. 15**

Identify any individuals involved in writing, editing, or providing comments and/or information for any press release issued by URMC or the University of Rochester.

**Response No. 15**

WARNES objects to this interrogatory because it is overly broad, vague, unduly burdensome, does not specify a relevant time period, and is not reasonably related to the claims asserted in SCA's amended complaint.

**Interrogatory No. 16**

Describe any investigation of you, or any discipline against you, by URMC or the University of Rochester concerning any statistical analysis software products, including, but not limited to, any R Statistical Analysis Software Products and/or claims made in the Lawsuit or claims threatened against you by URMC, and state the dates and results of any such investigation

or discipline

**Response No. 16**

      WARNES objects to this interrogatory because it is overly broad, unduly burdensome, does not specify a relevant time period, and is not reasonably related to the claims asserted in SCA's amended complaint. WARNES further objects to the extent that the interrogatory seeks information that is protected by attorney-client privilege and/or common interest privilege regarding this lawsuit which is not an appropriate subject for discovery.

**Interrogatory No. 17**

      Identify all records of investigation or discipline described in response to Interrogatory 16.

**Response No. 17**

      No investigation or discipline is described in response to Interrogatory 16.

**REQUESTS FOR PRODUCTION**

**Request No. 1**

      Copies of all of your R Statistical Analysis Software Products that were promoted, advertised, marketed, sold, and/or offered for sale at any time.

**Response No. 1**

      WARNES objects to this interrogatory because it is overly broad, unduly burdensome, does not specify a relevant time period, and is not reasonably related to the claims asserted in SCA's amended complaint. Further, this interrogatory requires production of confidential, proprietary, trade secret, and/or otherwise sensitive information belonging to WARNES.

**Request No. 2**

      Copies of all promotional, advertising or marketing materials of any kind (whether printed or electronic) that have been used at any time in connection with your R Statistical Analysis Software Products.

**Response No. 2**

      WARNES objects to this interrogatory because it is overly broad, unduly burdensome, does not specify a relevant time period, and is not reasonably related to the claims asserted in SCA's amended complaint.

**Request No. 3**

      Copies of all documents constituting, reflecting, or concerning any statistical software purchased by URMC for Warnes and/or Random Technologies at any time.

**Response No. 3**

      WARNES objects to this interrogatory because it is overly broad, unduly burdensome, does not specify a relevant time period, and is not reasonably related to the claims asserted in SCA's amended complaint.

**Request No. 4**

      Copies of all documents constituting, reflecting, or concerning URMC's financing of, or reimbursement for, any trips made by you to trade shows for conferences at which you displayed or promoted any statistical analysis software products, including, but not limited to, R Statistical Software Products.

**Response No. 4**

      WARNES objects to this interrogatory because it is overly broad, unduly burdensome, does not specify a relevant time period, and is not reasonably related to the claims asserted in SCA's

amended complaint.

**Request No. 5**

Copies of all documents constituting, reflecting, or concerning any communication (including but not limited to e-mails) between any individual or entity and any customers or potential customers concerning any of your R Statistical Analysis Software Products.

**Response No. 5**

WARNES objects to this interrogatory because it is overly broad, unduly burdensome, does not specify a relevant time period, and is not reasonably related to the claims asserted in SCA's amended complaint. Further, this interrogatory requires production of confidential, proprietary, trade secret, and/or otherwise sensitive information belonging to WARNES.

**Request No. 6**

Copies of all documents reflecting or concerning sales of your R Statistical Analysis Software Products, including, but not limited to, all invoices, receipts, and bills of sale.

**Response No. 6**

WARNES objects to this interrogatory because it is overly broad, unduly burdensome, does not specify a relevant time period, and is not reasonably related to the claims asserted in SCA's amended complaint. Further, this interrogatory requires production of confidential, proprietary, trade secret, and/or otherwise sensitive information belonging to WARNES.

**Request No. 7**

Copies of all documents referring to or reflecting communications that you have had with URMC or the University of Rochester or any individual acting on either of their behalf, including, but not limited to, Daniel Purcell or any of their other lawyers, concerning:

(a) Random Technologies;

(b) any of your statistical analysis software products, including, but not limited to, R

     Statistical Analysis Software Products;

(c) any press release or draft press release regarding any statistical software products,

     including, but not limited to, R Statistical Analysis Software Products;

(d) Plaintiffs, Plaintiff's claims, or Plaintiff's R Statistical Analysis Software Products;

(e) the letter to you dated June 27, 2007 from Robert Dunne, or the letter to you dated July

     18, 2007 from William J. Speranza;

(f) any investigation or discipline of you by URMC or the University of Rochester; and

(g) the Lawsuit or any claims in any way related to the Lawsuit.

**Response No. 7**

     WARNES objects to this interrogatory because it is overly broad, unduly burdensome, does not specify a relevant time period, and is not reasonably related to the claims asserted in SCA's amended complaint. WARNES further objects to the extent that the interrogatory seeks information regarding WARNES' communications with his or URMC's attorneys regarding this lawsuit, which is protected by attorney-client privilege and/or common interest privilege, and is not an appropriate subject for discovery.

**Request No. 8**

     Copies of all documents constituting, reflecting, or concerning any communications between you or anyone acting on your behalf and URMC or anyone acting on its behalf, including, but not limited to Daniel Purcell or any other lawyers.

**Response No. 8**

     WARNES objects to this request because it is overly broad, unduly burdensome, does not specify a relevant time period, and is not reasonably related to the claims asserted in SCA's

amended complaint. WARNES further objects to this request because it is duplicative of previous requests. Finally, WARNES objects to this request because it is designed solely to elicit information regarding WARNES' communications with his or URMC's attorneys regarding this lawsuit, which is protected by attorney-client privilege and/or common interest privilege, and is not an appropriate subject for discovery.

**Request No. 9**

Copies of all documents concerning your hiring by URMC, including, but not limited to, a copy of any correspondence, employment, and related contracts, and any curriculum vitae and other documents you submitted in connection with the interview and hiring process.

**Response No. 9**

WARNES objects to this request because it is overly broad, unduly burdensome, does not specify a relevant time period, and is not reasonably related to the claims asserted in SCA's amended complaint.

**Request No. 10**

Copies of all state and federal tax returns and related schedules covering the period January 1, 2005 to the present filed for yourself and/or Random Technologies and any other software business (other than publicly traded ownership interests) in which you have an ownership interest.

**Response No. 10**

WARNES objects to this request because it is overly broad, unduly burdensome, and is not reasonably related to the claims asserted in SCA's amended complaint.

**Request No. 11**

Copies of all balance sheets and profit and loss statements covering the period January 1,

**Request No. 14**

Copies of all contracts, including but not limited to indemnification or settlement

agreements, that you have entered into with URMC or the University of Rochester.

**Response No. 14**

WARNES objects to this interrogatory because it is overly broad, does not specify a

relevant time period, and is not reasonably related to the claims asserted in SCA's amended

complaint.

**Request No. 15**

Copies of all documents, if any, to support the position that you have not violated Plaintiff's

Marks or that otherwise supporting any defense that you assert in the Lawsuit..

**Response No. 15**

WARNES objects to this interrogatory because it is overly broad.


Dated: 13-May-2010                              By: _____
                                                Gregory R. Warnes, Ph.D. *Pro Se*
                                                20 Wandering Trl.
                                                Pittsford NY, 14534
                                                Tel: (585) 419-6853
                                                Fax: (585) 672-5085
                                                Email: greg@warnes.net


TO:

Attorneys for Plaintiff's/Counterclaim Defendants Scientific Computing Associates, Inc.
and REvolution Computing, Inc:

DONALD A.W. SMITH, P.C.                    Wiggin and Dana LLP.
Donald A.W. Smith, Esq.                    Bethany L. Appleby, Esq.
125 Sully's Trail, Suite 7                 P.O. Box 1832
Pittsford, NY 14534                        New Haven, CT 06508-1832

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**SCIENTIFIC COMPUTING ASSOCIATES, INC, and
REVOLUTION COMPUTING, INC.,**

Plaintiffs,

-vs-

**GREGORY R. WARNES,**

Defendants.

---

**GREGORY R. WARNES,**

Counterclaim Plaintiff,

-vs-

**SCIENTIFIC COMPUTING ASSOCIATES, INC.,
REVOLUTION COMPUTING, INC., and MARTIN
SCHULTZ, RICHARD SCHULTZ, BEVERLY
THALBURG SHULTZ, KIRK METTLER, and STEVE
WESTON**

Counterclaim Defendants

**CERTIFICATE
OF SERVICE**


**Civil Action No.
07-CV-6351T(P)**

---

I HEREBY CERTIFY that I have caused to be served a copy of the foregoing

Defendant/Counterclaim Plaintiff, Gregory R. Warnes', Answers to Plaintiffs/Counterclaim

Defendants' First Set of Interrogatories and Response to Requests for Production on attorneys for

plaintiffs/counterclaim defendants SCIENTIFIC COMPUTING ASSOCIATES, INC. and

REVOLUTION COMPUTING, INC.:

Donald A. W. Smith, P.C.,
Donald A. W. Smith, Esq.
125 Sully's Trail, Suite 7
Pittsford, NY 14534

and

1 of 2

Wiggin and Dana LLP.
Bethany L. Appleby, Esq.
P.O. Box 1832
New Haven, CT 06508-1832

via U.S. Mail, postage prepaid on 13-May-2010.

Dated: 13-May-2010

By: _____
Gregory R. Warnes, Ph.D. *Pro Se*
20 Wandering Trl.
Pittsford NY, 14534
Tel: (585) 419-6853
Fax: (585) 672-5085
Email: greg@warnes.net