```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCIENTIFIC COMPUTING ASSOCIATES, INC. AND
REVOLUTION COMPUTING, INC.,

                    Plaintiff,              07-CV-6351

          v.                                **DECISION
                                            and ORDER and
                                            ORDER TO SHOW
                                            CAUSE**
GREGORY R. WARNES,

                    Defendant.
_____
```

Plaintiffs, Scientific Computing Associates, Inc. and Revolution Computing, Inc. (collectively, "Plaintiffs") bring this action pursuant to 15 U.S.C. §§ 1051 et seq., alleging trademark infringement, specifically false designation of origin, false representation and unfair competition, and violations of New York and Connecticut state law against the Defendant, Gregory R. Warnes. See Compl. at ¶1. Defendant, proceeding *pro se*, answered the complaint and asserted counterclaims against the Plaintiffs and five other individuals, Martin Schultz, Richard Schultz, Beverly Thalburg Shultz, Kirk Mettler and Steve Weston (collectively, the "Individuals"), who are not yet parties to this action.

**MOTION FOR DEFAULT JUDGMENT**

On June 25, 2010, Defendant filed a Motion for Default Judgement against the Individuals, asserting his right to a judgement against the Individuals, who had not yet responded to his

Counter Complaint, and seeking the relief set forth in his Counter Complaint. See Docket #103. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, district courts may grant default judgment against a party for the failure to plead or otherwise defend an action. See Enron Oil Corp. v. Masonori Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). A party moving for default judgment must first obtain an Entry of Default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a). Further, a party seeking a default judgement must show that the opposing party was properly served under state law. See Goossens v. Wade, 2010 WL 2649882, at *2 (W.D.N.Y. June 29, 2010)(citing GMA Accessories, Inc. v. BOP, LLC, 2008 WL 762782, at *2 (S.D.N.Y. Mar. 20, 2008)).

In the instant case, Defendant apparently mailed a copy of his Answer and Counter Complaint to the Individuals at the office of Revolution Computing, Inc., in New Haven, Connecticut. However, Defendant did not serve[1] any of the Individuals with a Summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Because Defendant could not provide proof that he had served the Individuals with a Summons and a copy of the Counter Complaint, the Clerk of the Court declined to issue an Entry of Default. Therefore, as Defendant has not provided the requisite proof of service or an Entry of Default, Defendant's Motion for Default is

---

[1] Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, Defendant may serve the Individuals with the Summons and Complaint by following the New York Civil Practice Law and Rules or the Connecticut state rules for service (Conn. Gen Stat. § 52-54) or by serving the Individuals by any of the methods outlined in Rule 4(e).

hereby denied.

### **MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

The Individuals have also moved to dismiss Defendant's counterclaims pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5) and Rule 4(m) for lack of personal jurisdiction and insufficient service of process. See Docket #112. The Individuals argue that the Defendant failed to obtain and serve a Summons on the Individuals within 120 days of filing the Counter Complaint and that this Court lacks personal jurisdiction over the Individuals, all of whom reside and work in the state of Connecticut.

The Defendant, proceeding *pro se*, has not responded to the Individuals' Motion to Dismiss. Accordingly, this Court hereby Orders the Defendant to show cause why his claims against the Individuals should not be dismissed for failing to properly serve the Individuals with a Summons and copy of the Counter Complaint within 120 days of filing and for lack of personal jurisdiction.

### **CONCLUSION**

For the reasons set forth above, this Court denies the Defendant's Motion for Default against the Individuals. Further, this Court Orders the Defendant to show cause by May 16, 2011, why this action should not be dismissed for insufficient service of process and lack of personal jurisdiction.

**ALL OF THE ABOVE IS SO ORDERED.**

<u>  s/ Michael A. Telesca  </u><br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:     Rochester, New York
           April 5, 2011