```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCIENTIFIC COMPUTING ASSOCIATES, INC. AND
REVOLUTION COMPUTING, INC.,

                          Plaintiffs and
                          Counter Defendants
                                                  07-CV-6351

              v.                                  DECISION
                                                  and ORDER
GREGORY R. WARNES,

                          Defendant and
                          Counter Claimant.
_____
```

Personal Jurisdiction

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), it is hereby ORDERED that the Honorable Marion W. Payson, United States Magistrate Judge for the Western District of New York, is hereby appointed to hold an evidentiary hearing, after appropriate discovery, and make a determination regarding whether this Court has personal jurisdiction over the following Counter Defendants, Martin Schultz, Richard Schultz and Beverly Thalburg Shultz (the "Schultz Defendants"). Specifically, to determine whether the Schultz Defendants are amenable to suit under either N.Y. CPLR §301 or §302 and whether they have sufficient contacts with the state of New York to satisfy constitutional due process. (Motion to Dismiss Counterclaims and Response to Order to Show Cause, Docket Nos. 111, 127.) At the conclusion of such proceedings, the Magistrate Judge shall prepare and submit to this Court a Report and Recommendation containing her findings of fact and conclusions of law regarding

jurisdiction.

<u>Extension of Time to Serve Process on the Schultz Defendants</u>

Defendant, Gregory R. Warnes ("Warnes"), also seeks an extension of time to serve process on the Schultz Defendants. (Docket no. 127). Warnes, initially acting *pro se*[1], attempted to serve the Schultz Defendants with a copy of his Answer to the Complaint and a Counter Complaint naming them individually as Counter Defendants in this action, by delivering the papers to the office of Revolution Computing, Inc. He did not obtain or serve a Summons. Long after the time for service had already elapsed, Defendants moved to dismiss the claims for lack of personal jurisdiction and insufficient service of process. (Docket No. 111).

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a Court may extend the time to serve process for good cause or where a discretionary extension is appropriate. Fed. R. Civ. P. 4(m); <u>Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.</u>; 187 F.R.D. 503, 506-7 (S.D.N.Y. 1999)("[A] district court may 'relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown.' Factors to be considered in this regard are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the

---

[1] Warnes is now represented by David L. Cook, Esq.

defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.").

Because Plaintiff was acting *pro se* at the time he attempted to serve the Schultz Defendants; the Schultz Defendants had actual notice of the claims and would not be prejudiced by the late service of process; and because Warnes would be barred from bringing his claims by the applicable statute of limitations, this Court finds that it is appropriate, under these circumstances, to extend Warnes' time to serve a Summons and Counter Complaint on the Schultz Defendants. Accordingly, he is hereby ORDERED to serve a Summons and Counter Complaint on the Schultz Defendants by no later than September 7, 2011.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                  s/ Michael A. Telesca
                                                MICHAEL A. TELESCA
                                       United States District Judge

Dated:   Rochester, New York
        August 24, 2011